UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOZETTE THOMAS,

 Plaintiff,

v.                  Case No: 8:16-cv-3404-T-35JSS

SEMINOLE ELECTRIC COOPERATIVE
INC.,

 Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION TO QUASH
SUBPOENA DUCES TECUM AND MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order (Dkt. 16), and Defendant's response in opposition (Dkt. 17). For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff sues Defendant, her employer, alleging that she was discriminated against on the basis of her sex and her age. (Dkt. 1 ¶¶ 1, 4.) Specifically, Plaintiff alleges that after working for Defendant for seventeen years and being promoted twice, she was not chosen for the position of department manager. (*Id.* ¶¶ 13–14.) The person who was chosen to be department manager, Plaintiff alleges, subjected Plaintiff to verbal abuse because of her age and sex beginning in 2011. (*Id.* ¶¶ 17–20.) These discriminatory acts, Plaintiff contends, caused her to suffer depression and to take short-term disability leave. (*Id.* ¶ 25.)

Plaintiff brings claims for violations of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, and the Age Discrimination in Employment Act of 1967, alleging that Defendant discriminated against Plaintiff on the basis of her sex and age "by stripping her of her

duties" and hiring a younger, male employee to assume them; harassed Plaintiff on the basis of her sex and age; created a hostile work environment for Plaintiff, "causing her to suffer major depression"; and paid her less than a male employee with the same experience under similar work conditions. (*Id.* ¶¶ 80, 84–87, 95, 100–105, 111, 117, 121.) She seeks damages for, in relevant part, her emotional distress and pain and suffering. (*Id.* at 15.) In its answer, Defendant asserts that all actions taken against Plaintiff were for legitimate, non-discriminatory business reasons. (Dkt. 8 at 10.)

In the Motion, Plaintiff moves the Court to quash subpoenas *duces tecum* served on non-parties Debra Lubronovich of the Crisis Center of Tampa and Dr. Jessica G. Rausch-Medina, or alternatively, for a protective order. (Dkt. 16.) According to Defendant, Plaintiff disclosed Ms. Lubronovich and Dr. Rausch-Medina in her initial disclosures as individuals with information relevant to Plaintiff's diagnosis and treatment, as well as in response to interrogatories, naming them as individuals who treated Plaintiff for her alleged work-related depression. (Dkt. 17 at 2.) The subpoenas to Ms. Lubronovich and Dr. Rausch-Medina are identical and request the following:

> Each and every document within your possession or control, including, but not limited to, all medical records, notes, charts, diagrams, prescriptions, depositions, opinions rendered, reports, prescriptions, diagnoses, or X-rays, which reflect or refer to service, counseling, treatment, diagnosis, benefit or care provided to the above-named individual during the past six years.

(Dkt. 16 at 2.)

Plaintiff contends that Defendant has already requested these medical records from her in a request for production, to which Plaintiff responded at the same time she filed the Motion. (*Id.* at 3.) She therefore argues that Defendant's seeking these records from other sources is unreasonably duplicative. (Dkt. 16 at 3.) Further, Plaintiff argues that the subpoenas are overly broad in timeframe and that "Plaintiff need only provide relevant medical records at issue in the

lawsuit and not a broad and sweeping authorization for all medical records dating back to an arbitrary date." (*Id.* at 3.) Plaintiff states that she will provide the medical records for the relevant timeframe. (*Id.* at 4.)

Further, Plaintiff argues that the requests seek irrelevant information because although Plaintiff "placed her mental health at issue in the lawsuit, [she] has not alleged aggravation of a pre-existing mental health condition." (*Id.* at 2.) Also, these medical records are confidential and protected by the physician-patient privilege. (*Id.*) Thus, Plaintiff requests that the subpoenas be quashed, that a protective order be issued, and the Court "conduct an in-camera review of medical records reflecting treatment which occurred during Plaintiff's discrimination and harassment for the redaction of specific irrelevant information," including confidential information reflecting "Plaintiff's past medical history." (*Id.* at 4.)

In response, Defendant argues that Plaintiff waived any psychotherapist-patient privilege in the medical records by placing her mental condition at issue. (Dkt. 17 at 3.) The subpoenas are not overly broad, Defendant argues, because Defendant subpoenaed Dr. Rausch-Medina and Ms. Lubronovich after Plaintiff disclosed them as individuals with information relevant to Plaintiff's diagnosis and treatment of work-related depression. (*Id.* at 2, 3.) Further, Defendant argues that the requested timeframe of the subpoenas align with Plaintiff's allegations of Defendant's discriminatory acts beginning in 2011. (*Id.* at 4.)

**APPLICABLE STANDARDS**

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are

nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Courts consider the following factors: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). A party has standing to move to quash a subpoena served on a non-party if the party alleges a "personal right or privilege" with respect to the subpoenas. *Auto-Owners Ins. Co. v. Se. Floating Docks*, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).

Further, a protective order may be issued for good cause to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D). The party seeking a protective order has the burden to demonstrate good cause. *Auto-Owners*, 231 F.R.D. at 429–30. "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

## ANALYSIS

Because the records sought by the subpoenas contain Plaintiff's confidential medical information, the Court finds Plaintiff has standing to challenge the subpoenas. *See Auto-Owners*, 231 F.R.D. at 429. Plaintiff asserts that Defendant is limited to seeking these medical records only

from her and that the subpoenas to Plaintiff's medical providers seek duplicative discovery. (Dkt. 16 at 3.) While a court must limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i), Plaintiff has not shown this to be the case here. Specifically, Ms. Lubronovich and Dr. Rausch-Medina may have records that Plaintiff does not have. As such, the subpoenas do not seek unreasonably cumulative or duplicative discovery. Additionally, Defendant may properly bear the cost of obtaining copies of the subpoenaed documents from the non-parties.

Further, the subpoenas seek relevant information. Plaintiff alleges that Defendant's discriminatory acts caused her to suffer depression, and she seeks compensatory damages and damages for her emotional distress and pain and suffering. (Dkt. 1 ¶¶ 25, 56, 111, 117.) In the subpoenas, Defendant seeks all documents from Ms. Lubronovich and Dr. Rausch-Medina, who have treated Plaintiff's depression, reflecting or referring to services rendered to Plaintiff during the past six years. (Dkt. 16 at 2.) Given that Plaintiff alleges that she suffered depression as a result of Defendant's actions and seeks damages for emotional distress and pain and suffering, the Court finds that Defendant is entitled to conduct discovery relevant to those claims.

However, the Court agrees with Plaintiff that the requests, as drafted, are overly broad. The request is not tailored to medical records relating to Plaintiff's treatment for depression, the condition Plaintiff alleges to have suffered as a result of Defendant's employee's actions. *See Cameron v. Supermedia, LLC*, No. 4:15CV315-MW/CAS, 2016 WL 1572952, at *3 (N.D. Fla. Apr. 19, 2016) (internal citations and quotations omitted) (discussing discovery relevant to a claim for emotional distress, and explaining that "[a] defendant is entitled to production of medical records that have a logical connection to the plaintiff's claims of injury," instead of a "full

disclosure all plaintiff's medical records and unrestricted as to time or circumstance simply because some level of emotional distress is claimed"). The timeframe of the subpoenas, however, is not overly broad because Plaintiff claims that she experienced discrimination after a 2011 change in management, which led to her suffering depression. (Dkt. 1 ¶¶ 16–25.) The subpoenas request documents from the past six years, which align with Plaintiff's allegation of suffering depression as a result of actions beginning in 2011.

Plaintiff asserts that the information requested by the subpoenas is confidential and protected by the physician-patient privilege. As here, when the court's jurisdiction is based on federal question (Dkt. 1 ¶ 6), "the federal law of privilege provides the rule of decision in a civil proceeding." *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992).[1] The United States Supreme Court has held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *see also United States v. Reynolds*, 345 U.S. 1, 6–7 (1953) (explaining that the term "privilege" as used in the Federal Rules of Civil Procedure governing discovery "refers to 'privileges' as that term is understood in the law of evidence").

In *Jaffee*, the Supreme Court explained that the privilege "covers confidential communications made to licensed psychiatrists and psychologists." 518 U.S. at 15. Further, the Court extended the privilege to "confidential communications made to licensed social workers in the course of psychotherapy." *Id.* The Court reasoned that the privilege should "apply with equal force to treatment by a clinical social worker" because "[t]oday, social workers provide a significant amount of mental health treatment." *Id.* at 15–16. Further, the Court reasoned that

---

[1] The Eleventh Circuit's decision in *Hancock* was entered before the Supreme Court issued its opinion in *Jaffee v. Redmond*, 518 U.S. 1 (1996), which established the federal common law psychotherapist-patient privilege.

patients of social workers often include of "those of modest means who could not afford the assistance of a psychiatrist or psychologist," and that "the vast majority of States explicitly extend a testimonial privilege to licensed social workers." *Id.* at 16–17. Quoting the appellate court, the Court concluded that "drawing a distinction between the counseling provided by costly psychotherapists and the counseling provided by more readily accessible social workers serves no discernible public purpose." *Id.* at 17 (internal quotations omitted). Thus, in *Jaffee*, the Court extended the privilege to social workers but declined to outline the "full contours" of the privilege, explaining that privilege should be determined on a case-by-case basis. *Id.* at 18.

Here, the Court finds that the privilege covers the confidential communications between Plaintiff and Dr. Rausch-Medina, a licensed psychiatrist, in the course of Plaintiff's diagnosis and treatment. The Court also finds that the privilege appropriately extends to confidential communications between Plaintiff and Ms. Lubronovich, a therapist at the Crisis Center. There seems to be no "discernible purpose" to drawing a distinction between Plaintiff's communications with her licensed psychiatrist, on the one hand, and her therapist, on the other, who both treated Plaintiff for depression resulting from the alleged discrimination. (See Dkt. 16 at 4). *Jaffee*, 518 U.S. at 17; *see In re Jolly Roger Cruises & Tours, S.A.*, No. 10-23257-CIV, 2011 WL 1467172, at *3, n.2 (S.D. Fla. Apr. 18, 2011) (noting that the psychotherapist-patient privilege would be extended to a social worker).

The Supreme Court recognized, however, that the psychotherapist-patient privilege may be waived. *Jaffee*, 518 U.S. at 15, n.14. "Since the Supreme Court decided *Jaffee,* most courts have held that a party waives the psychotherapeutic-patient privilege by placing his or her mental condition at issue." *Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082, at *2 (S.D. Fla. May 29, 2012). In *Ortiz-Carballo v. Ellspermann*, the Court summarized decisions in

the Eleventh Circuit regarding whether a plaintiff has placed his or her medical condition at issue as follows:

> Generally, in order to obtain psychiatric records, the party requesting the records must show that the plaintiff has placed her mental condition "in controversy" and there is "good cause" for production of the records. The majority of federal courts that have addressed the issue have held that a party does not place his mental condition in controversy merely by requesting damages for mental anguish or "garden variety" emotional distress. In order to place a party's mental condition in controversy the party must allege a specific mental or psychiatric disorder or intend to offer expert testimony to support their claim of emotional distress.

No. 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009); *Chase*, 2012 WL 1936082, at *4 ("The Eleventh Circuit has not addressed waiver of the psychotherapist-patient privilege. The majority of district courts considering the issue, however, have adopted the middle position, holding that a party does not place his or her mental condition at issue merely by alleging emotional distress and/or mental anguish."); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 556 (N.D. Ga. 2001) ("While most of these courts agree that a party waives the privilege by placing her mental condition in issue . . . the courts diverge in determining when that has occurred.").

Here, Plaintiff has placed her depression at issue by alleging that she suffered depression as a result of Defendant's conduct (Dkt. 1 ¶¶ 25, 111, 117), and Plaintiff concedes that she has placed her mental health at issue (Dkt. 16 at 2). *See Butler Hosp. v. Hansmann*, No. 8:14-MC-43-T-23EAJ, 2014 WL 12628520, at *2 (M.D. Fla. July 28, 2014) (holding that a decedent's mental condition was placed at issue when the decedent's personal representative alleged that decedent suffered from and received treatment for depression and anxiety, and therefore "the information contained in the medical records" sought from decedent's hospital "is certainly relevant"). Therefore, Plaintiff has waived her privilege in any confidential communications regarding her depression that she had with her treatment providers. While quashing the subpoenas or issuing a protective order is not warranted, the Court modifies the scope of the subpoenas to documents

relating to treatment of Plaintiff's depression from 2011 to the present. *See* Fed. R. Civ. P. 45(d)(3).

> Finally, Plaintiff makes the following request:
>
> Plaintiff also requests that the court conduct an in-camera review of medical records reflecting treatment which occurred during Plaintiff's discrimination and harassment for the redaction of specific irrelevant information. There is certain confidential information present in the medical records for this time frame that reflects Plaintiff's past medical history.

(Dkt. 16 at 4.) While Plaintiff has waived any privilege regarding confidential communications with Ms. Lubronovich and Dr. Rausch-Medina regarding her depression, confidential communications as to other matters have not been waived because Plaintiff has put only her depression at issue. Further, Plaintiff's medical information, other than her depression-related medical records, are not relevant to the parties' claims and defenses. Therefore, it is appropriate for Plaintiff to redact such privileged, confidential, and irrelevant information. *See Jolly Roger*, 2011 WL 1467172, at *3 (prohibiting discovery of "highly personal" records of plaintiff's treatment with a social worker for marital problems and problems with her mother because the records were irrelevant to plaintiff's claims for emotional distress and anguish resulting from the loss of her finger).

Accordingly, the Court directs that the following procedures be followed:

1. Within five (5) days of entry of this Order, Plaintiff's counsel shall provide Debra Lubronovich of the Crisis Center of Tampa and Dr. Jessica G. Rausch-Medina with copies of this Order.

2. Within thirty (30) days of their receipt of the Order, Ms. Lubronovich and Dr. Rausch-Medina shall serve any responsive documents on Plaintiff's counsel, Derek Usman, The Usman Law Firm PA, 14517 N. 18th St., Tampa, FL 33543-2417, derek@usmanfirm.com.

Defendant shall reimburse Ms. Lubronovich and Dr. Rausch-Medina for the cost of the copies, if any.

3. Within thirty (30) days of Plaintiff's counsel's receipt of the documents from Ms. Lubronovich and Dr. Rausch-Medina, Plaintiff's counsel shall make the redactions from the documents and serve the redacted documents and an accompanying log on Defendant's counsel. Plaintiff's log shall state the basis for each redaction and describe the nature of the content redacted "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A).

Accordingly, it is **ORDERED** that the Motion (Dkt. 16) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Tampa, Florida, on June 6, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record