UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOZETTE THOMAS,

    Plaintiff,

v.                                                                                   Case No: 8:16-cv-3404-T-35JSS

SEMINOLE ELECTRIC COOPERATIVE
INC.,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant's Motion to Compel Third Party Deposition ("Motion") (Dkt. 21), which Plaintiff does not oppose (Dkt. 22). For the reasons that follow, the Motion is granted in part and denied in part.

Previously, Plaintiff moved to quash a subpoena *duces tecum* served on her therapist, Debra Lubronovich of the Crisis Center of Tampa Bay ("Crisis Center"). (Dkt. 16.) The undersigned denied Plaintiff's request but modified the scope of the subpoena to documents relating to treatment of Plaintiff's depression from 2011 to the present. (Dkt. 18.) In the Motion, Defendant explains that while the Crisis Center has provided Defendant with Plaintiff's medical records, "[m]any of the records are illegible and present further questions regarding their contents." (Dkt. 21 ¶¶ 2–3.) As a result, Defendant issued a Subpoena to Testify at Deposition to the corporate representative of the Crisis Center, with the deposition to take place on December 20, 2017. (Dkt. 21-1.) A representative of the Crisis Center, however, informed Defendant that it refused to appear for the deposition absent a court order. (Dkt. 21 ¶ 5.) Therefore, in the Motion, Defendant seeks an order compelling the appearance of the corporate representative at the scheduled deposition. (Dkt. 21 at 2.) Plaintiff does not oppose the Motion. (Dkt. 22.)

"A party may, by oral questions, depose any person, including a party, without leave of court," except in certain situations not applicable here. Fed. R. Civ. P. 30(a)(1). As explained above, the Court has already determined that information relating to the treatment of Plaintiff's depression from 2011 to the present is relevant to Plaintiff's claims and that Plaintiff has waived her privilege in any confidential communications regarding her depression that she had with her treatment providers. (Dkt. 18.) Further, Plaintiff does not oppose the deposition of the Crisis Center's corporate representative. (Dkt. 22.) Because Defendant is entitled to depose any person, Fed. R. Civ. P. 30(a)(1), and the testimony sought is relevant to Plaintiff's claims and not protected by the psychotherapist-patient privilege, Defendant's request to compel the attendance of the Crisis Center's corporate representative at the scheduled deposition is granted. However, the first topic to be addressed at the deposition (Dkt. 21-1, Attachment "A," Topic 1), is limited to Plaintiff's treatment at the Crisis Center for depression from 2011 to the present.

Accordingly, Defendant's Motion to Compel Third Party Deposition (Dkt. 21) is **GRANTED** in part and **DENIED** in part as provided herein. The Clerk is directed to mail a copy of this Order to the Crisis Center of Tampa Bay at the following address: 1 Crisis Center Plaza, Tampa, Florida 33613.

**DONE** and **ORDERED** in Tampa, Florida, on December 12, 2017.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JULIE S. SNEED
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Crisis Center of Tampa Bay
　　1 Crisis Center Plaza
　　Tampa, Florida 33613