UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOZETTE THOMAS,

    Plaintiff,

v.

SEMINOLE ELECTRIC COOPERATIVE, INC.,

    Defendant.

Case No. 8:16-CV-3404-MSS-JSS

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES

The Defendant, Seminole Electric Cooperative, Inc., by and through undersigned counsel and pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 4.18, moves this Court for an award of reasonable attorneys' fees against the Plaintiff. As detailed below, the Defendant should be awarded its attorneys' fees on these statutory claims as the claims were frivolous, unreasonable, and groundless. Additionally, the Defendant is entitled to an award of fees as to the Plaintiff's state-law claims based on the Plaintiff's rejection of the Defendant's Proposal for Settlement.[1] In support of this motion, the Defendant states:

1. Plaintiff filed the instant action alleging gender discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act (FCRA); age discrimination and harassment under the Age Discrimination in Employment Act and the FCRA: and alleged gender discrimination in violation of the Equal Pay Act (EPA).

2. To defend against Plaintiff's claims, Defendant retained the undersigned counsel and incurred substantial fees. As set forth in the Defendant's Answer and Affirmative Defenses,

---

[1] Defendant served the proposal for settlement on Plaintiff pursuant to Rule 1.442, Florida Rules of Civil Procedure and Florida Statute Section 768.79.

1

the Defendant notified the Plaintiff of its intent to seek attorneys' fees and costs for having to defend this litigation. (Dckt. 8).

3. On September 7, 2018, this Court entered an Order granting summary judgment in favor of the Defendant. On September 8, 2018, final judgment was entered in the Defendant's favor. In response to Defendant's motion for summary judgment, Plaintiff voluntarily abandoned her EPA claim as discovery had already established the claim had no basis in fact.

4. Defendant now moves this Court for an award of reasonable attorney and paralegal fees in the amount of $145,572.60.

5. Under Title VII and the FCRA, the Defendant is entitled to an award of fees where, as here, the Plaintiff's discrimination and harassment claims were frivolous, unreasonable, or groundless. Likewise, under the ADEA and the EPA, the Defendant is entitled to an award of fees where, as here, the Plaintiff's age discrimination and harassment claims were brought in bad faith.

6. In addition to entitlement under the provisions of the operative statutes, the Defendant is also entitled to an award of fees based on the Plaintiff's rejection of its Proposal for Settlement served under Florida law. In particular, the Defendant alternatively seeks $34,786.80 in fees incurred by it after making its Proposal for Settlement.

7. In support of this motion, the Defendant submits the following memorandum of law. Additionally, in support of the amount of fees being sought and the reasonableness of such fees, the Defendant submits the Affidavit of Brian Koji, attached to this motion as Exhibit A.

## MEMORANDUM OF LAW

**I.    Defendant should be awarded attorneys' fees pursuant to the terms of Title VII, the FCRA, the ADEA, and/or the EPA.**

Plaintiff asserted claims arising under Title VII, the ADEA, the FCRA, and the EPA. The Defendant contends that, as the prevailing party, it is entitled to an award of fees under all or some of these statutes.

A. <u>Applicable Legal Standard for Attorneys' Fees for Prevailing Defendants</u>

Under both Title VII and the FCRA, prevailing defendants are entitled to attorneys' fees if the plaintiff continues to litigate her claim after it becomes apparent that the claim is frivolous, unreasonable, or groundless. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 417, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Yoder Bros., Inc. v. Weygant*, 973 So.2d 625 (Fla. 2d DCA 2008); § 760.11(5), Fla. Stat.

Determinations of frivolity are made on a case-by-case basis. However, the Eleventh Circuit looks to three general guidelines when making this assessment: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court held a full trial on the merits. *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). Notably, these factors are "general guidelines only, not hard and fast rules." *Id.* The Defendant need not establish all three factors in its favor to support a finding of frivolity. *Quintana v. Jenne*, 414 F.3d 1306, 1309-1310 (11th Cir. 2005). Furthermore, fees may be properly awarded where one claim is deemed frivolous even if fees are denied as to other claims in the same action. *Id.* at 1311.

Attorneys' fees for a prevailing defendant in an ADEA or an EPA action are more limited as compared to Title VII and the FCRA. Nonetheless, an award of fees under the ADEA and EPA is proper where the plaintiff litigated in bad faith. *DeAguila, et. al. v. Bright House Networks LLC*, 2012 WL 365317 *1 (M.D. Fla. 2012) (citing *Turlington v. Atlanta*, 135 F.3d 1428, 1437 (11th Cir.1998)). Bad faith, sufficient to warrant an award of fees, may be found where, *inter alia*, a

3

party delays or disrupts litigation or knowingly or recklessly raises a frivolous argument. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation. *Hall v. Cole*, 412 U.S. 1, 15 (1973).

### B. Plaintiff's Claims were Frivolous and Brought in Bad Faith

The facts in the instant case warrant an award of attorneys' fees. The Plaintiff's claims were frivolousness, unreasonable, and groundless at the outset and throughout the pendency of this action. Applying the *Sullivan* factors, the Plaintiff was unable to establish a *prima facie* case, she unreasonably rejected a proposal for settlement served by Seminole, and her claims were disposed of without the necessity trial.

To establish a *prima facie* case for a claim of unlawful gender or age discrimination under Title VII, the ADEA, and the FCRA, a plaintiff must demonstrate: (1) that she was a member of the protected group; (2) that she was subject to adverse employment action; (3) that a person outside of her protected group filled the position from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012). To establish a *prima facie* case of sexual or age-based harassment creating a hostile work environment, a plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment was based on sex or age; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Mendoza v. Borden*, 195 F.3d 1238, 1245 (11th Cir. 1999) (En banc), *cert. denied*, 529 U.S. 1068 (2000). Lastly, to establish a *prima facie* case under the EPA, a plaintiff must show "that her employer paid different wages to employees of opposite sexes for equal work on jobs requiring equal skill, effort, and responsibility, and which

4

were performed under similar working conditions." *Bowen v. Manheim Remarketing, Inc.*, 2018 WL 989590, *3 (11th Cir. Feb. 21, 2018) (citing *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995)).

In this case, the relevant facts in this case, which were predominantly undisputed, have not changed since the inception of this lawsuit, nor has the parties' awareness of such operative material facts. Indeed, in her EEOC charge, Thomas alleged that she was discharged after Seminole's mainframe computer system was replaced with a server-based system, and that, within her department, she "was the only one that did not have a background in servers." (Dckt. 1, 20). Thomas reiterated this stance in her complaint and throughout her lawsuit, contending instead that Seminole did not provide her with the training necessary to learn a server-based job. (Dckt. 1, 6-7). Her candid recognition that she was unqualified for a position in Seminole's post-mainframe world was fatal to her claims of discrimination. As this Court emphasized in its order granting summary judgment to Seminole, "[Plaintiff] admits that her qualifications for her position changed drastically after the mainframe was decommissioned" and she "implicitly concedes that she could not perform the job as needed." (Dckt. 67, 14).

Perhaps more telling, Plaintiff expressed her concerns about her lack qualifications for her position *years prior to this lawsuit being filed*, when she confided to her counselor that she was unable to transition from the mainframe environment to the PC-based environment and she was experiencing difficulty learning the PC-based system. (Dckt. 44, 5-6). Notwithstanding, Plaintiff filed the present lawsuit and continued with it despite her awareness that she could not make out a *prima facie* case. Indeed, even at the summary judgment stage the Plaintiff acknowledged this fact and instead argued that she should have been given training to become proficient in the PC-based environment, a requirement not imposed by Title VII, the ADEA, or the FCRA. (Dckt. 35-2, 3-4). While Plaintiff's persistent claim that she needed training from Seminole to properly do her job is

5

completely contradictory to her ability to establish a *prima facie* case of discriminatory discharge, Plaintiff steadfastly continued to litigate her discrimination claims.

The Plaintiff's repeated recognitions both before and during her lawsuit conclusively establish that she knew, or reasonably should have known, that she was not qualified for her position and would therefore be unable to establish a *prima facie* case of discrimination. *Cone Corporation v. Hillsborough County*, 157 F.R.D. 533, 540 (M.D. Fla. 1994) (Where a review of law clearly indicated that a plaintiff cannot establish a *prima facie* case, continued litigation is unreasonable, frivolous and groundless).

Further, Plaintiff acknowledged another failure in her ability to establish a *prima facie* case, where she, in her deposition, recognized that the alleged comparators she cites to in her Complaint had entirely different educational and work backgrounds than she did. (Dckt. 27, 22). She testified that Phillips and Maharaj always worked exclusively in the server-based environment, as opposed to her exclusively experience on the mainframe, and that they did not experience the same performance issues from which she suffered. *Id.* Comparators who, as a matter of undisputed fact, have circumstances dissimilar to the plaintiff cannot establish a *prima facie* showing. *Torres v. City of Orlando*, 264 F.Supp.2d 1046 (M.D. Fla. 2003) (Awarding attorneys' fees where basis of Plaintiff's allegations included low number of Hispanic officers in the Department and alleged comparators whom plaintiff knew had circumstances which were clearly were not similar to her own). A finding of non-meritorious allegations of similarly situated comparators supports a finding in the prevailing defendant's favor under the *Sullivan* factors. *Turner v. Inzer*, 2013 WL 4648319 *2 (M.D. Fla. Aug. 29, 2013).

Regarding her EPA claim, the Plaintiff acknowledged she had no knowledge as to payroll information of her co-workers and did not know if any were paid more than she was. (Dckt. 27,

SPDN-868764429-2254226

10). She further acknowledged that the three employees she alleged were paid more performed different duties than she did. *Id.* Contrary to the baseless allegations in her complaint, the undisputed facts established that, at all times, the Plaintiff was *paid more* than her three alleged comparators throughout the entirety of her employment. (Dckt. 25, 13). Although the Plaintiff ultimately abandoned her equal pay claim, it is apparent from this context and her own admissions that the Plaintiff never had a legitimate basis on which to assert an EPA claim in the first place. (Dckt. 47).

Likewise, the Plaintiff also filed and litigated her unlawful sexual and age-based harassment claims notwithstanding having full knowledge that her allegations, even assuming they were true, did not rise to an actionable level. As reflected in the Court's summary judgment order, the Plaintiff could not establish a *prima facie* case, as the alleged harassment was not "sufficiently severe or pervasive to be actionable." (Dckt. 67, 20). Indeed, as emphasized by the Court, the Plaintiff relied on fewer than ten instances of verbal conduct over a time span of over five years. (Dckt.67, 20); see also (Dckt. 1, 4); (Dckt. 27, 41-42). While the Plaintiff sought to bolster her harassment claim with allegations of crude and foul language in the workplace, the Court relied on settled case law in holding that such conduct does not fall within the prohibition on unlawful workplace harassment. (Dckt. 35-2, 7-8); (Dckt. 67, 20).

Based on the facts of this case, the *Sullivan* factors weigh heavily for an award of attorneys' fees in Seminole's favor. There is no question that Seminole is the prevailing party on all claims in this case, and therefore no question that the third *Sullivan* factor weighs in Seminole's favor, as the case was dismissed in its entirety with judgment entered in Defendant's favor prior to trial. (Dckt. 68). As to the first factor, this Court has acknowledged that, even considering the facts in

7

this case in the light most favorable to the Plaintiff, the Plaintiff did not establish a *prima facie* case of any of her claims.

Considering the *Sullivan* factors, the facts of these claims, and the Plaintiff's continued pursuit in the face of legal precedent to the contrary, this case represents a prime example of the circumstances the *Sullivan* court contemplated for an award of fees. In regard to her discriminatory discharge claims, Plaintiff has admitted since the inception of this lawsuit, and the Court has affirmed this characterization, that Plaintiff was not qualified to perform the job duties of her position in the server-based environment and she therefore could not establish a *prima facie* case of discriminatory termination. The Plaintiff's lack of qualification for the server job were undisputed throughout the entirety of the lawsuit, and Plaintiff proceeded with her claims of discriminatory termination despite acknowledging that she was not trained to be qualified for her position, which is *directly at odds* with establishing a *prima facie* case. As such, the first *Sullivan* factor weighs heavily in the Defendant's favor. *Perry v. Orange County*, 341 F.Supp.2s, 1197, 1212 (M.D. Fla. 2004). (Plaintiffs failed to establish a *prima facie* case and failed to identify evidence casting doubt on the defendant's articulated motivation for the conduct plaintiffs allege was discriminatory, warranting an award of attorneys' fees to prevailing defendants). Plaintiff's choice to actively continue pursuit of legal claims for which she has no basis, forced Defendant to unnecessarily incur legal costs and wasted judicial time and resources in the process.

The same is true with respect to Plaintiff's harassment claims. The Plaintiff knowingly pursued and continued to litigate these claims despite clear legal precedent establishing that workplace profanity does not constitute harassment and that a small spattering of non-physical, verbal incidents over an extended period are insufficient to establish severe and pervasive unlawful harassment.

SPDN-868764429-2254226

Regarding the second *Sullivan* factor, as detailed below, Seminole Electric made a good faith offer of settlement at mediation and a good faith proposal for settlement to avoid the expense of preparing for trial, which weighs in Seminole's favor. *Cordoba v. Dillard's, Inc.*, 2 WL, 21499011, at * 5 (M.D. Fla. June 12, 2003) (Attorneys' fees are warranted if Plaintiff rejected a nominal settlement offer and instead continued to litigate frivolous claims). Even assuming, *arguendo*, Plaintiff's claims were not frivolous at the time of filing they were, at a minimum, frivolous at the time of the proposal for settlement. Plaintiff received Seminole's motion for summary judgment on March 15, 2018 and did not receive the proposal for settlement until July 19, 2018, over four months later. At that time, Plaintiff had been briefed on the legal standing of her claims from Seminole's motion for summary judgment and was aware that she was, by her own admission, wholly unable to establish a *prima facie* case of discrimination or harassment. *West v. Town of Jupiter Island*, 146 F.Supp.2d 1302, 1303 (S.D. Fla. 2001) (Awarding fees where the Plaintiff failed to initiate voluntary dismissal after discovering she lacked legal foundation for the claims); *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996) (Where Plaintiff was not aware claim was frivolous initially but becomes aware through the litigation and does not drop the claim plaintiff may be held liable for attorneys' fees).

In addition to being frivolous, unreasonable, and groundless for purposes of an award under Title VII and the FCRA, the circumstances of this case also show that the Plaintiff's continued pursuit of these claims constituted bad faith justifying an award of fees under the ADEA and the EPA. A party demonstrates bad faith when it pursues a claim without reasonable inquiry into the underlying facts. *In re Mroz,* 65 F.3d 1567, 1576 (11th Cir.1995) (Plaintiff demonstrated bad faith through repeated filing of a complaint containing claims of racial discrimination without any evidence to support such theories of recovery). Here, a reasonable inquiry into Plaintiff's ADEA

9

and EPA claims would reveal that Plaintiff was admittingly unqualified for her position and that she was paid more than her male comparators. These undisputed material facts bely any basis for a claim of discrimination under either the ADEA or the EPA.

Furthermore, as to her claim of unlawful age-based harassment, the Plaintiff proffered only a single age-based comment, clearly undermining any colorable claim for unlawful harassment. As such, an award of fees under the ADEA and the EPA is proper.

As to her EPA claim, it is apparent that the Plaintiff had no cognizable support for her allegation and failed to amend her complaint or voluntarily dismiss the claim until after Defendant was forced to undergo discovery and brief the issue on its motion for summary judgment. (Dckt. 25). Where a party provides no evidentiary foundation for their contention, the claim is deemed frivolous. *Roper v. Edwards*, 815 F.2d 1474, 1478 (11th Cir. 1987) (Plaintiff had a total lack of credible evidence to support the claims and therefore the action was frivolous, and an award of fees was justified).

## II. Defendant should be awarded its post-offer attorneys' fees based on the Plaintiff's rejection of its Proposal for Settlement.

On July 19, 2018, the Defendant served the Plaintiff with a proposal for settlement, attached as Exhibit B, in the amount of $50,000, in an effort to avoid the expense of preparing for trial. Such amount is nominal in comparison to the costs of preparing for and proceeding through trial in this matter. Plaintiff unreasonably rejected the Defendant's offer. Accordingly, Seminole should be awarded the $34,786.80 incurred in fees following Plaintiff's unreasonable objection of Seminole's Proposal for Settlement.

Florida's statute regarding awarding attorneys' fees for prevailing defendants when plaintiffs reject valid proposals for settlement is substantive, rather than procedural, and applies to state claims in federal court. Fla. Stat. § 768.79(6)(a); *Design Pallets, Inc. v. Gray Robinson, P.A.*,

10

583 F.Supp.2d 1282, 1287 (M.D. Fla. 2008). It should be noted that the purpose behind this statute is to operate as a sanction to punish parties who unreasonable reject settlement offers and clog the courts with cases through unnecessarily continuing litigation. *Kearney v. Auto-Owners Ins. Co.*, 713 F.Supp.2d 1369, 1372 (M.D. Fla. 2010); *Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc.*, 697 F.Supp.2d 1349, 1360 (S.D. Fla. 2010).

While prevailing Defendants in Florida Civil Rights Act cases are not automatically entitled to attorneys' fees under Florida's proposals for settlement statute, the Eleventh Circuit has held that Florida Civil Rights Act utilizes the same provisions as Title VII of the Civil Rights Act, and therefore prevailing defendants may recover fees following the proposal for settlement provided the claim is frivolous, unreasonable or without foundation. *Morris v. Arizona Beverage Company, LLC*, 2008 WL 5203697 *5 (Dec. 9, 2008) (citing *Jones v. United Space Alliance, LLC*, 494 F.3d 1306 (11th Cir. 2007); See also *Christiansburg Garment Co., v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978).

As addressed in greater detail above, Plaintiff's state claims clearly meet the standard for frivolous. Even assuming, *arguendo*, the claims were not frivolous at the inception of this lawsuit, Seminole's motion for summary judgment clearly establish and put Plaintiff on further notice such that Plaintiff knew or should have known of the frivolous nature of her claims at that time and when considering the proposal for settlement served upon her by Seminole. Her unreasonable rejection of Seminole's proposal for settlement warrants an award of attorneys' fees to Seminole for all fees incurred following Seminole's service of its proposal for settlement.

11
SPDN-868764429-2254226

WHEREFORE, Defendant requests that this Court grant it attorneys' fees in its favor.

<u>Certificate of Good Faith Conference</u>

Pursuant to Local Rule 3.01(g), the undersigned certifies that she has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in the Motion and has been unable to do so. Counsel for Plaintiff has represented his objection to the relief sought herein.

Respectfully submitted,

*/s/ Brian Koji*
BRIAN KOJI
Florida Bar No. 0116297
CARLY WILSON
Florida Bar No. 118005
*Counsel for Defendant*

**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza-Suite 225
324 South Hyde Park Avenue
Tampa, FL 33606-4127
(813)251-1210
(813) 253-2005-Fax
Primary: bkoji@anblaw.com
           cwilson@anblaw.com
Secondary:  amcclanahan@anblaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 20th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Derek P. Usman, Esquire of THE USMAN LAW FIRM P.A., *[derek@usmanfirm.com]*, 14517 N. 18th Street, Tampa, Florida 33613.

*/s/ Brian Koji*
ATTORNEY

SPDN-868764429-2254226