# ATTACHMENT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOZETTE THOMAS,

                Plaintiff,

v.

                                  Case No. 8:16-cv-3404-MSS-JSS

SEMINOLE ELECTRIC COOPERATIVE,
INC.,

                Defendant.

## DEFEDANT'S PROPOSAL FOR SETTLEMENT TO PLAINTIFF

      The Defendant, Seminole Electric Cooperative, Inc. ("SECI"), pursuant to Rule 1.442 of the Florida Rules of Civil Procedure and Section 768.79 of the Florida Statutes, hereby makes this Proposal for Settlement ("Proposal") to the Plaintiff, Jozette Thomas ("Thomas"), and states the following:

      1.    <u>Parties</u>:  SECI makes this Proposal to Thomas.

      2.    <u>Claims to be Resolved by Acceptance of this Proposal</u>:  This Proposal is being made to resolve all claims for damages that are or may be made by Thomas against SECI and all of its affiliates, members, officials, directors, employees, representatives, and agents. This Proposal resolves all damages that could otherwise be awarded in any final judgment in this action.

      3.    <u>All relevant conditions, stated with particularity</u>:  As a condition of this Proposal, Thomas shall execute a settlement agreement containing a mutual general release and a confidentiality provision, a copy of which is attached hereto as Exhibit A. Upon timely acceptance of this Proposal, Thomas shall also file a dismissal of this lawsuit with prejudice.

      4.    <u>Total Amount of Proposal and any Non-monetary Terms of the Proposal</u>:

1

a.  If this Proposal is timely accepted, SECI shall pay to Thomas the lump sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), as the total amount of this proposal.

b.  This Proposal shall not constitute an admission of liability by SECI.

c.  As delineated above in paragraph 3, a non-monetary term of this Proposal is the requirement that Thomas execute the attached settlement agreement containing a mutual general release and a confidentiality provision.

5.  <u>Amount Proposed to Settle a Claim for Punitive Damages</u>: No amount of this Proposal is specifically set aside for the settlement of any claim for entitlement to punitive damages.

6.  <u>Whether the Proposal Includes Attorneys' Fees</u>:   The amount set forth above in paragraph 4(a) is inclusive of attorneys' fees and costs. Upon acceptance of this Proposal, Thomas shall be deemed to have waived any right, and shall be precluded from taking any action, to seek a separate or additional recovery of attorneys' fees and costs.

Respectfully submitted,

*/s/ **Brian Koji***

BRIAN KOJI
Florida Bar No. 0116297
CARLY WILSON
Florida Bar No. 118005
*Counsel for Defendant*

**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza-Suite 225
324 South Hyde Park Avenue
Tampa, FL 33606-4127
(813)251-1210
(813) 253-2005-Fax
Primary: bkoji@anblaw.com
          cwilson@anblaw.com
Secondary:  amcclanahan@anblaw.com

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of July 2018, a true and correct copy of the foregoing was served via electronic mail to Derek P. Usman, Esquire, 14517 North 18th Street, Tampa, Florida 33613, [*derek@usmanfirm.com*].

/s/ *Brian Koji*
ATTORNEY

## Exhibit A

## AGREEMENT AND RELEASE

This Agreement and Release (hereinafter referred to as "Agreement"), is entered into by and between Seminole Electric Cooperative, Inc., ("SECI"), and Jozette Thomas individually and on behalf of her heirs, executors, administrators, legal representatives, and assigns (hereinafter collectively referred to as "Thomas").

WHEREAS, SECI served a Proposal for Settlement to Thomas as a means of resolving the claims Thomas asserted or could have asserted against SECI in her lawsuit, entitled *Jozette Thomas v. Seminole Electric Cooperative,* Case No. 8:16-cv-3404-MSS-JSS (M.D. Fla.);

WHEREAS, Thomas has timely accepted SECI's Proposal for Settlement;

THEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      Thomas agrees to file a voluntary dismissal of all claims for damages, with prejudice, in the above-referenced lawsuit.

2.      Subject to Thomas executing this Agreement after her timely acceptance of SECI's Offer of Judgment, SECI agrees to pay to Thomas the lump sum amount of Fifty Thousand Dollars and Zero Cents ($ 50,000.00). This amount is inclusive of any attorneys' fees and costs to which Thomas claims entitlement.

3.      The parties hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASE AND FOREVER DISCHARGE each other from any and all lawsuits, claims, rights, damages, debts, obligations, liabilities, and causes of action, of any and every kind, nature, and character whatsoever, whether known or unknown, which they have, had, or may in the future claim to have against the other party based on any act or omission concerning any matter, cause, or thing arising prior to the date of this Agreement and up to the time of execution of this Agreement (all of the foregoing are hereinafter referred to collectively as the "Released Claims"). The Released Claims shall be deemed to include a general release by Thomas of all of SECI's affiliates, members, officials, directors, employees, representatives, and agents.

4.      The Released Claims include, but are not limited to, those directly or indirectly arising out of, or in any way pertaining to, claims arising under Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985, 1986; the Fair Labor Standards Act; the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act; the Sarbanes-Oxley Act; the Uniformed Services Employment and Reemployment Rights Act; the Florida Civil Rights Act; the Florida Whistleblower Act; the Family and Medical Leave Act; the Fair Credit Reporting Act; the Florida Constitution; Chapter 440 of the Florida Statutes; or any other federal, state or local law, ordinance, regulation, custom, rule or policy; or any cause of action in common law, including but not limited to actions in

1

contract or tort, including any intentional torts; or any claim based upon or related to any instrument, agreement, contract, or document entered into by or between the parties.

5.      Except where compelled by law, Thomas agrees not to disclose or publicize the terms or existence of this settlement or this Agreement to anyone other than his spouse, attorney and tax advisor or accountant, all of whom shall be notified of this limitation and agree to be bound by the terms of this confidentiality provision prior to Thomas's discussion of these matters. If asked about this matter by anyone else, Thomas agrees only to state that the case has been resolved and not to otherwise comment on the case, its outcome, this settlement, or this Agreement, or its terms (including, but not limited to, the settlement amount).

6.      The parties represent and warrant that they are authorized to enter into, and that they have the authority to perform, the terms of this Agreement. Thomas represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7.      Nothing in this Agreement shall be construed as an admission of wrongdoing by any party. All parties expressly deny any such wrongdoing.

8.      This Agreement constitutes the complete understanding between the parties. Thomas acknowledges and declares that no other contract, promise or inducement has been made, whether oral or written. This Agreement shall supersede any and all other agreements, whether oral or written, made prior to the date of execution of this Agreement.

9.      Thomas states and acknowledges that she has entered into this Agreement voluntarily and on her own free will; that she fully understands all the terms of the Agreement; and that she has had sufficient and reasonable time to review the Agreement with her counsel.

10.     If any provision of this Agreement is found invalid, or incapable of being enforced by reason of any law, rule or public policy, all other provisions shall, nevertheless, remain in full force and effect, and no provision herein shall be dependent upon any other provision.

11.     All parties agree to waive the right to seek payment of attorneys' fees and costs incurred in the above-referenced lawsuit or otherwise.

12.     No ambiguity in this Agreement shall be construed against any party based upon a claim that the party drafted the ambiguous language.

13.     Thomas acknowledges that she may take up to 21 days to consider this Agreement prior to signing it. She understands and agrees that she may revoke this Agreement for a period of 7 calendar days following her execution of this Agreement. Thomas understands that any revocation, to be effective, must be in writing and must be sent, via facsimile to Brian Koji at 813-253-2006, no later than 4:30 p.m. on the seventh calendar day following her execution of this Agreement. If validly revoked by Thomas, this Agreement will not become effective and Thomas will not be entitled to any of the benefits set forth in the Agreement.

2

14.    This Agreement may only be modified, altered or rescinded pursuant to a subsequent written agreement, signed by both parties.

This Agreement is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

_____          _____
Date                                                                 **Jozette Thomas**

State of Florida                      }
County of Hillsborough          }

Sworn and subscribed before me this _____ day of _____, 2018, by Jozette Thomas, who is personally known to me or who has produced _____ as identification.

(seal)

_____
Notary Public, State of Florida

**For Seminole Electric Cooperative, Inc.,**

_____          By:_____
Date

3