UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOZETTE THOMAS,

    Plaintiff,

v.                                          Case No: 8:16-cv-3404-T-35JSS

SEMINOLE ELECTRIC COOPERATIVE INC.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant's Motion for Attorneys' Fees ("Motion"). (Dkt. 70.) For the reasons that follow, the Court recommends that the Motion be denied without prejudice.

### **BACKGROUND**

On September 6, 2018, the presiding district court judge granted Defendant's motion for summary judgment. (Dkt. 67.) Judgment was entered in Defendant's favor in accordance with the order on summary judgment. (Dkt. 68.) Defendant then filed the Motion, seeking an award of fees against Plaintiff in the amount of $145,572.60. (Dkt. 70.) After the Motion was filed, Plaintiff filed a notice of appeal, appealing the final judgment and the order on summary judgment. (Dkt. 71.)

### **APPLICABLE STANDARDS**

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176,

1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that"[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-CV-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) ) (denying motion for attorney's fees without prejudice and with leave to re-file after entry of appellate court's mandate); *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-CV-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

## ANALYSIS

Rather than resolving the Motion during the pendency of the appeal, the undersigned determines that the ends of justice would be better served by denying the motion without prejudice and with leave to re-file after the conclusion of the appeal. *See Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03–cv–985–ORL–18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"). Immediate resolution of the Motion is unwarranted given the procedural posture of the case.

Accordingly, it is **RECOMMENDED** that Defendant's Motion for Attorneys' Fees (Dkt. 70) be **DENIED** without prejudice and with leave to re-file within thirty days of the entry of a mandate by the Court of Appeals on Plaintiff's pending appeal.

**IT IS SO REPORTED** in Tampa, Florida, on October 23, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Mary S. Scriven
Counsel of Record